IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

SCHMID PROSPER,
 Plaintiff,

vs.             Case No. 5:09cv256/MCR/MD

FLORIDA DEP'T OF CORRECTIONS, et al.,
 Defendants.

## REPORT AND RECOMMENDATION

Plaintiff, a Florida prisoner proceeding *pro se*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). Leave to proceed *in forma pauperis* was granted, and the initial partial filing fee has been paid. (Docs. 4, 9).[1] Upon review of the complaint, the court concludes that plaintiff has not presented an actionable claim, and that dismissal of this case is warranted.

Since plaintiff is proceeding *in forma pauperis*, the court must review his complaint to determine if it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). The court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). A complaint is frivolous under section 1915(d) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless,"

---

[1] Court records reflect that as of this date, February 22, 2010, plaintiff has paid $118.00 toward the $350.00 filing fee. (Docs. 9-12). Therefore, he still owes $232.00 to the court.

*Id.* at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In determining whether the complaint states a claim upon which relief may be granted, the court accepts all the factual allegations in the complaint as true and evaluates all inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1968-69, 1974, 167 L.Ed.2d 929 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). A complaint is also subject to dismissal under Rule 12(b)(6) "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003); *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

Plaintiff names two defendants in this action: the Florida Department of Corrections ("DOC") and R. Tifft, Warden of Gulf Correctional Institution. (Doc. 1, pp. 1-2). His complaint concerns the amendment of DOC Rule 33-210.102, effective April 23, 2009. Amended Rule 33-210.102(8)(d) provides:

> (d) The sender of incoming legal mail shall mark the outside of the envelope "legal-confidential," "legal-open only in the presence of the addressee," or similar language which would put the reader on notice that the mail is legal mail of a confidential nature. Mail from courts that is subject to public inspection under Chapter 119. F.S., need not be marked as legal mail. Incoming mail which does not include a marking on the outside of the envelope requesting that it be treated as confidential legal mail shall be treated as routine mail and shall be

> opened and examined, and is subject to being read by a designated employee outside the presence of the inmate.

33 Fla. Admin. Code r. 33-210.102(8)(d).

Plaintiff asserts that in promulgating the Rule, the DOC "usurped the proposed constitutional amendments of Nov. 4, 2008, affecting Inmate Schmid Prosper's basic rights, by want of power and willful neglect Declaration of Policy." (Doc. 1, p. 6). He also claims that the DOC was "negligent" in failing to respond to his administrative grievance "in a timely and order [sic] fashion and did cause an atypical and significant hardship by failing to provide adequate access to the courts, pursuant to s. 944..292(2)." (*Id*., p. 5). Plaintiff sues defendant Tifft for allegedly falsifying a state report in connection with circulating the new Rule 33-210.102(8)(d) and related memorandum to the inmate population. (*Id*.). Additionally, plaintiff asserts that defendant Tifft "neglect[ed] to intervene to prevent conspiracy" occasioned by promulgation of the Rule, and that Tifft "discriminat[ed] against a select group of inmates when responding to Formal grievances respective of Rules and Regulation of the Department." (*Id*., p. 6). In the Statement of Claims section of the complaint, plaintiff claims the defendants' conduct violated the following rights:

> 1. The First and Fourteenth Amendments for access to the courts and being afforded substantial due process, as guaranteed pursuant to FSA § 944.292(2), was violated when Defendant(s) overstepped FSA § 20.02, Declaration of Policy to commit a Federal crime pertinent to situations sufficiently dire to basic rights.
>
> 2. The Federal Tort Claims Act is invoked to recover lost property; recover for damages to Grievance Log Number 09-6-17954.

(*Id*., p. 7). As relief, plaintiff seeks a declaratory judgment that 33 Fla. Admin. Code r. 33-210.102(8)(d) violates "the Separation of Powers Doctrine." (*Id*., p. 7). He also requests "restitution" in the amount of $50.00 per day "against operation of the rule," and court costs. (*Id*.).

*Case No: 5:09cv256/MCR/MD*

In any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

>  1.  whether the conduct complained of was committed by a person acting under color of state law; and
>
>  2.  whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420, 428 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).

As a preliminary matter, it is noted that plaintiff has named the DOC as a defendant in this case.  However, the DOC is not a "person" which may be sued under 42 U.S.C. § 1983.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64-71, 109 S.Ct. 2304, 2308-11, 105 L.Ed.2d 45 (1989).  Accordingly, any claims against the DOC are due to be dismissed on that basis.  Furthermore, even if plaintiff named the proper defendant (the Secretary of the DOC), his claims are subject to dismissal for the following reasons.

Plaintiff challenges the constitutionality of Rule 33-210.102(8)(d) (hereinafter "the Rule") on the grounds that it violates Florida's separation of powers doctrine[2] and proposed constitutional amendments to the Florida Constitution that appeared on the November 4, 2008 general election ballot.  Plaintiff does not suggest how or

---

[2]Plaintiff refers to the separation of powers doctrine and to Florida Statute § 20.02, entitled "Declaration of Policy," which provides:

> The State Constitution contemplates the separation of powers within state government among the legislative, executive, and judicial branches of the government.  The legislative branch has the broad purpose of determining policies and programs and reviewing program performance.  The executive branch has the purpose of executing the programs and policies adopted by the Legislature and of making policy recommendations to the Legislature.  The judicial branch has the purpose of determining the constitutional propriety of the policies and programs and of adjudicating any conflicts arising from the interpretation or application of the laws.

Fla. Stat. § 20.02(1).

on what basis the Rule violates due process or state separation of powers. Nor does he specify which of the proposed amendments (that passed) were nullified or undermined by the Rule.[3] Therefore, his vague and conclusory due process claim should be dismissed, and his challenge to the Rule on state constitutional grounds should be dismissed without prejudice to his re-filing the claim in state court.[4]

      Plaintiff's second claim against the DOC is that it violated his constitutional rights by failing to timely respond to a grievance. This claim is due to be dismissed, because a prisoner has no constitutionally-protected interest in an inmate grievance procedure. *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (holding that "the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state"); *Flick v. Alba,* 932 F.3d 728, 729 (8th Cir. 1991) (holding that when the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance); *Thomas v. Warner*, 237 Fed.Appx. 435, 437-38 (11th Cir. 2007) ("We agree with other circuits that have decided that a prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure."); *Dunn v. Martin*, 178 Fed.Appx. 876, 878 (11th Cir. 2006) (rejecting state prisoner's § 1983 claim that he had a constitutional right to access the prison grievance system; holding that state prisoner, who alleged that prison officials failed to respond to his letters and grievance and failed to follow their own rules on responding to grievances, did not have constitutionally-protected liberty

---

[3] The proposed amendments that passed were: (1) the "Florida Marriage Protection Act," (2) "Changes and Improvements Not Affecting the Assessed Value of Residential Real Property," (3) "Property Tax Exemption of Perpetually Conserved Land; Classification and Assessment of Land Used for Conservation," and (4) "Assessment of Working Waterfront Property Based Upon Current Use."

[4] As set forth below, plaintiff's complaint fails to set forth any viable federal claims, and it is the recommendation of the undersigned that the court decline to exercise supplemental jurisdiction over his state law claims.

*Case No: 5:09cv256/MCR/MD*

interest in an inmate grievance procedure); *Baker v. Rexroad*, 159 Fed. Appx. 61, 62 (11th Cir. 2005) (holding that state prison inmate had no liberty interest in access to prison's voluntarily established inmate grievance procedures, and thus corrections officials' failure to take corrective action on inmate's administrative appeal from adverse ruling at disciplinary hearing could not constitute violation of inmate's due process rights). Therefore, plaintiff's claim that prison officials violated his constitutional rights by failing to respond to his grievance does not state a plausible constitutional claim.

Plaintiff's claim that defendant Tifft was "negligent" in failing to intervene in the "conspiracy" to promulgate the Rule does not state a viable § 1983 claim. It is well-settled that negligence alone is not enough to violate the Constitution. *Daniels v. Williams*, 474 U.S. at 328, 106 S.Ct. at 663. Moreover, liability for failing to intervene arises only when the officer is in a position to intervene and fails to do so. Plaintiff's allegations fall far short of establishing these elements.

Plaintiff's remaining claim against defendant Tifft is that he "discriminat[ed] against a select group of inmates when responding to Formal grievances." To the extent plaintiff is attempting to assert an equal protection challenge, his claim fails. The Equal Protection Clause requires that the government treat similarly situated people in a similar manner. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985). In order "[t]o establish an equal protection claim, a prisoner must demonstrate that (1) 'he is similarly situated with other prisoners who received' more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest, such as race." *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001) (quoting *Damiano v. Florida Parole & Probation Comm'n*, 785 F.2d 929, 932-33 (11th Cir. 1986)). Liberally construing plaintiff's *pro se* allegations in a light most favorable to him, they fail to reveal any factual basis for an equal protection claim. Plaintiff wholly fails to allege facts suggesting that the manner in which Warden Tifft responded to

his and/or other grievances was different than that provided to similarly situated persons. Nor does he allege that Tifft's handling of his and/or other grievances was on account of a constitutionally protected interest such as race. To the extent plaintiff suggests defendant Tifft failed to respond to grievances on the basis of their content (*i.e.*, because they challenged the Rule), his allegations are wholly conclusory, devoid of specific factual support, and consist of nothing more than speculation. Such allegations need not be accepted as true, and are insufficient to state a constitutional claim. *See Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (May 18, 2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *see also Marsh v. Butler County*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001) ("[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal.").

Finally, to the extent plaintiff attempts to assert a claim under the Federal Tort Claims Act, such claim is frivolous, because it lacks an arguable basis in law. The Federal Tort Claims Act applies only to the actions of <u>federal</u> employees. 28 U.S.C. § 2674.

To the extent the complaint can liberally be construed as asserting one or more claims arising under state law, the undersigned recommends that the court, in its discretion pursuant to 28 U.S.C. § 1367(c)(3), decline to exercise supplemental jurisdiction over plaintiff's state law claims. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).

Accordingly, it is respectfully RECOMMENDED:

1. That plaintiff's federal claims be DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii).

2. That any state law claims be DISMISSED WITHOUT PREJUDICE.

3. That the clerk be directed to close the file.

At Pensacola, Florida this 24th day of February, 2010.

/s/ *Miles Davis*
**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** ***United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**